**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X   Index No. 15-cv-8151 (JPO) (JCF)
IGNACIO CAMARGO PEREZ, individually
and on behalf of others similarly situated,

                *Plaintiff,*

      -against-

117 AVENUE OF THE AMERICAS FOOD
CORP (d/b/a KOOL BLOO), TARIK
FALLOUS, AND GHASSAN FALLOUS,

                *Defendants.*
---------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD DEFENDANTS**

MICHAEL FAILLACE & ASSOCIATES, P.C.
Joshua S. Androphy
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

Table of Contents

**Preliminary Statement**..................................................................................................................1

**Statement of Facts**......................................................................................................................2

**Argument**....................................................................................................................................3

   Legal Standard for Motion to Amend ........................................................................................3

   The Court Should Grant Plaintiffs Leave to Amend the Complaint and Add Defendants .........4

**Conclusion** ..................................................................................................................................6

**Preliminary Statement**

Plaintiffs seek leave to file an amended complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure. The chief reason for the proposed amended complaint is to add several additional corporate defendants, 719 2nd Avenue Food Corp., 221 E. 23rd Street Take-Out Food Corp., and 188 Ave. A Take-Out Food Corp. (collectively, the "Additional Defendants"), who employed Plaintiffs. Specifically, Gustavo Jimenez, who joined this Fair Labor Standard Act ("FLSA") collective action by filing a consent to join as a party plaintiff, was employed by the Additional Defendants in addition to the original defendants, 117 Avenue of the Americas Food Corp, Tarik Fallous, and Ghassan Fallous (the "Original Defendants").

The original complaint did not name the Additional Defendants because, when originally filed, the complaint was only on behalf of Ignacio Camargo Perez, who worked at only one location of Kool Bloo, owned and operated by the Original Defendants. Gustavo Jimenez joined the case as an opt-in plaintiff later, and he worked at multiple locations of Kool Bloo, owned and operated by the Additional Defendants, in addition to working for the Original Defendants. Plaintiffs seek leave to amend the complaint to properly name all employers who employed Gustavo Jimenez and violated the FLSA and New York Labor Law ("NYLL") with regard to his employment.

Leave to amend should be freely given, and only should be denied when amendment would be futile or prejudicial. Amendment would not be futile, as the amended complaint will allege meritorious claims against the Additional Defendants. Plaintiffs did not unduly delay in seeking amendment. No party will be prejudiced by the proposed amendments. For the reasons set out herein, Plaintiffs' motion for leave to amend the complaint should be granted.

**Statement of Facts**

This is an action for money damages brought by Plaintiff Ignacio Camargo Perez as a collective action. The action alleges violations of the FLSA, and violations of the NYLL. Specifically, Plaintiff Camargo alleges that he regularly worked above 40 hours per week for Defendants at the Kool Bloo restaurant located at 117 Avenue of the Americas, New York, NY 10017 (the "Avenue of the Americas Location"), and did not receive any overtime premium, and that during part of his employment he was paid below the legal minimum wage rate. Camargo also alleges Defendants violated the wage statement and notice and recordkeeping provisions of the NYLL. (Complaint, Androphy Dec. Ex. A)

On October 26, 2015, Gustavo Jimenez joined the action as a party plaintiff by filing a consent. (Androphy Dec. Ex. D) Jimenez worked at the Avenue of the Americas Location of Kool Bloo. Jimenez also worked at three other locations of Kool Bloo: 719 2nd Avenue New York, New York 10016 ("Second Avenue Location"), 221 E. 23rd Street, New York, New York 10010 ("23rd Street Location"), and 188 Avenue A, New York, New York 10009 ("Avenue A Location"). Tarik Fallous and Ghassan Fallous owned and operated all four Kool Bloo locations. They own and operate the Second Avenue Location, 23rd Street Location, and Avenue A Location through the Additional Defendants.

The proposed amended complaint would add the Additional Defendants as party defendants, and add Gustavo Jimenez as a plaintiff named in the caption. The proposed amended complaint would also correct allegations of plaintiff Ignacio Camargo Perez to conform the allegations to the evidence developed through discovery.

**Argument**

1.  **Legal Standard For Motion To Amend and Add Defendants**

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he Court should freely give leave when justice so requires."

The Supreme Court has made clear that Rule 15(a)(2)'s "mandate is to be heeded." *Tokio Marine & Fire Ins. Co. v. Employers Ins. Of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Thus, "[w]hen a party requests leave to amend its complaint, permission generally should be freely granted." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). However, "[l]eave to amend may properly be denied if the amendment would be futile," *id.* (citing *Foman*, 371 U.S. at 182), or "where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002); *see also Agerbrink v. Model Serv. LLC*, No. 14-cv-7841 (JPO) (JCF), 2016 U.S. Dist. LEXIS 1792, *3 (S.D.N.Y. Jan. 7, 2016) ("a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile"); *Losquadro v. FGH Trust Credit Corp.*, 959 F. Supp. 152, 159 (E.D.N.Y. 1997) ("Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party . . .' will serve to prevent an amendment prior to trial.") (quoting *Foman*, 371 U.S. at 182))).

"Where, as here, the plaintiff also seeks to add an additional defendant, Rule 21 of the Federal Rules of Civil Procedure permits such joinder 'at any time, on just terms.'" *Agerbrink*, 2016 U.S. Dist. LEXIS 1792, at *3 (quoting Fed. R. Civ. P. 21). "In practice, the standard for deciding whether to permit joinder under Rule 21 is 'the same standard of liberality afforded to

- 3 -

motions to amend pleadings under Rule 15.'" *Id.* (quoting *Rush v. Artuz*, No. 00 Civ. 3436, 2001 U.S. Dist. LEXIS 17480, 2001 WL 1313465, at *5 (S.D.N.Y. Oct. 26, 2001)).

**2.   The Court Should Grant Plaintiffs Leave to Amend the Complaint and Add Defendants**

Plaintiffs' request for leave to amend should be granted. The impetus for the amended complaint is to add the Additional Defendants, which are corporations that owned and operated locations of Kool Bloo where opt-in plaintiff Gustavo Jimenez was employed. (Androphy Dec. ¶8)

Plaintiffs have meritorious claims against the Additional Defendants, and therefore amendment of the complaint would not be futile. The Additional Defendants employed Jimenez at the Second Avenue Location, 23rd Street Location, and Avenue A Location, and as alleged in the proposed amended complaint, committed violations of the FLSA and NYLL. (Androphy Dec. Ex. B) The amended complaint would withstand a motion to dismiss, and accordingly, the amendment of the complaint will not be futile. *See Agerbrink*, 2016 U.S. Dist. LEXIS 1792, at *13-*14.

Plaintiffs also should not be denied leave to file the proposed Amended Complaint because discovery is scheduled to close on September 16, 2016, and the deadline to amend set by the case management and scheduling order has passed. Plaintiffs acted diligently to bring this motion after learning of the correct identities of the Additional Defendants, and confirming the revisions to the allegations needed to conform to the facts developed in discovery. Moreover, "[m]ere delay, [] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Agerbrink*, 2016 U.S. Dist. LEXIS 1792, at *4. "Simply alleging that the plaintiff could have moved to amend earlier than []he did . . . is insufficient to demonstrate undue delay." *Id.*, 2016 U.S. Dist. LEXIS 1792, at *5.

Additionally, the original complaint was filed only nine-and-a-half months ago, and no trial date has been set.  The Court should not deny the motion due to delay.  Courts in this Circuit have allowed amendments after much lengthier delays.  *See Commander Oil Corp. v. Barlo Equip Corp.*, 215 F.3d 321, 333 (2d Cir. 2000) (affirming leave to amend answer filed seven years after action brought); *Rachman Bag Co. v. Liberty Mut. Inc. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1994) (noting that "delay alone . . . does not usually warrant denial of leave to amend" and affirming trial court's holding that a four year delay in amending an answer is not per se undue delay or significant prejudice); *Agerbrink*, 2016 U.S. Dist. LEXIS 1792, at *6-*7 (collecting cases); *Blagman v. Apple, Inc.*, Index No. 12-cv-5453 (ALC) (JCF), 2014 U.S. Dist. LEXIS 69178, *8 (S.D.N.Y. May 19, 2014) (courts in Circuit routinely grant leave to amend where delay longer than twenty months since lawsuit filed).

Furthermore, no party will be prejudiced by amendment of the complaint.  In deciding whether undue prejudice exists, sufficient to deny amendment of a complaint, "courts evaluate whether the amendment would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'"  *Agerbrink*, 2016 U.S. Dist. LEXIS 1792, at *8 (quoting *Monahan v. New York City Department of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000)).  "Courts also consider the particular procedural posture of the case."  *Id.*  "This 'inquiry involves a balancing process,' weighing any potential prejudice to the opposing party against the prejudice that the moving party would experience if the amendment were denied."  *Id.*, 2016 U.S. Dist. LEXIS 1792, at *9 (quoting *Oneida Indian Nation of New York State v. County of Oneida*, 199 F.R.D. 61, 77 (N.D.N.Y. 2000)).

While the amendment may require additional discovery, "this alleged prejudice does not rise to a level that justifies denying leave to amend." *Id.*  Discovery is still ongoing, no depositions have been taken yet, and no deadlines for pretrial materials, dispositive motions, or trial have been set.  While amendment may prolong the action, it will not significantly extend resolution of the action.  Additionally, "the possibility 'that an amendment will require the expenditure of additional time, effort, or money [does] not constitute "undue prejudice."'" *Id.*, 2016 U.S. Dist. LEXIS 1792, at *10 (quoting *A.V. by Versace, Inc. v. Gianni Versace S.p.A.,* 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000)).

If leave to amend the complaint were not granted, Plaintiffs would file a separate related action against the Additional Defendants.  The administration of two separate actions would result in a waste of judicial and party resources.  Piecemeal litigation of Plaintiffs' claims at issue against Defendants' restaurants would create inefficiencies for the Court, parties, and counsel.  Allowing the Plaintiffs leave to file an amended complaint, adding the Additional Defendants as defendants, would promote the 'just, speedy, and inexpensive determination" of the dispute arising from Plaintiffs' employment with the existing defendants and Additional Defendants.  *See* Fed. R. Civ. P. 1.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file an Amended Complaint in this matter.

Dated:      New York, New York
            August 2, 2016

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                                By: /s/ Joshua S. Androphy _____
                                    Joshua S. Androphy
                                    60 East 42nd Street, Suite 2020

New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*