```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  IGNACIO CAMARGO PEREZ, individually and :
  on behalf of others similarly situated,   :
                                            :
                           Plaintiff,       :
                                            :    15-CV-8151 (JPO)
                -v-                         :
                                            :    OPINION AND ORDER
  117 AVENUE OF THE AMERICAS FOOD           :
  CORP., et al.,                            :
                                            :
                           Defendants.      :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

On October 15, 2015, Plaintiff Ignacio Camargo Perez ("Camargo") filed a putative class action against Defendants 117 Avenue of the Americas Food Corp., d/b/a Kool Bloo, Mohamad Chalan, Tarik Fallous, and Ghassan Fallous (collectively the "Original Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.* (*See* Dkt. No. 1.) On August 2, 2016, Camargo filed this motion to amend the complaint. (Dkt. No. 33.) For the reasons that follow, the motion is granted.

**I.   Background**

Plaintiff Camargo filed a putative class action on October 15, 2015, alleging that the Original Defendants violated the FLSA and NYLL. Camargo avers that he "regularly worked above 40 hours per week" for pay below minimum wage and without overtime at the 117 Avenue of the Americas location of Kool Bloo, a restaurant. (Dkt. No. 35 at 2; Dkt. No. 1 ¶ 2.) Camargo also contends that the Original Defendants violated NYLL's wage statement requirement and its notice and recordkeeping provision. (*Id.* ¶¶ 106-11.)

Three weeks after Camargo initiated the suit, on October 26, 2015, Gustavo Jimenez consented to join the action as a party plaintiff. (Dkt. No. 16.) Jimenez, like Camargo, worked at the 117 Avenue of the Americas location of Kool Bloo, as well as three other locations—719 2nd Avenue Food Corp., 221 E. 23rd Street Take-Out Food Corp., and 188 Avenue A Take-Out Food Corp. (collectively the "Additional Defendants"). Defendants Tarik Fallous and Ghassan Fallous allegedly owned and operated the Kool Bloo locations where Jimenez and Camargo worked.[1] (Dkt. No. 35 at 2.)

The instant motion seeks to amend the operative complaint in this case to: (1) add Gustavo Jiminez (together, with Camargo, "Plaintiffs") as a named plaintiff; (2) correct allegations contained in the initial complaint in light of discovery; and (3) include as defendants the Additional Defendants. (Dkt. No. 35 at 2.) Defendants oppose the motion as untimely or, in the alternative, as futile with respect to two of the Additional Defendants—719 2nd Avenue Food Corp. and 221 E. 23rd Street Take-Out Food Corp.—because they "are no longer in business" and were not in business when the initial complaint was filed. (Dkt. No. 38 at 3.) Defendants do not raise the futility argument with respect to 188 Avenue A Take-Out Food Corp.

**II.     Discussion**

Under the Federal Rules of Civil Procedure, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court has broad discretion in determining whether to grant leave to amend . . . ." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). A motion to amend "should not be denied unless there is evidence of undue delay,

---

[1] Camargo no longer contends that Mohamad Chalan owned or operated any Kool Bloo locations at issue. (Dkt. No. 28.)

bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Where "the plaintiff also seeks to add an additional defendant, Rule 21 of the Federal Rules of Civil Procedure permits such joinder 'at any time, on just terms.'" *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016) (quoting Fed. R. Civ. P. 21) (citing *City of Syracuse v. Onondaga Cty.*, 464 F.3d 297, 308 (2d Cir. 2006)). Thus, "[i]n practice, the standard for deciding whether to permit joinder under Rule 21 is 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Id.* (quoting *Rush v. Artuz*, No. 00 Civ. 3436, 2001 WL 1313465, at *5 (S.D.N.Y. Oct. 26, 2001)).

**A. Delay**

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not ordinarily provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). But where, as here, a plaintiff moves to amend after a scheduling order has been entered (*see* Dkt. No. 27), Rule 15's lenient standard "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 16(b)). "A finding of good cause depends on the diligence of the moving party." *Id.*

The "good cause" standard is met where the proposed amendment rests on information that the party did not know (or there is no reason to believe the party should have known) before the deadline. *See, e.g.*, *Permatex, Inc. v. Loctite Corp.*, No. 03 Civ. 943, 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004). Here, Plaintiffs provide a reason for the delay: They "learn[ed] of

the correct identities of . . . Additional Defendants" and facts warranting corrections to the complaint only during discovery. (Dkt. No. 35 at 4.) Their argument is supported by the timing of the instant motion, which was filed less than two weeks after Defendants handed over their responses to interrogatories. (Dkt. No. 38 at 4.)

Defendants do not appear to contest the reasonableness of the instant motion with respect to the additional facts gleaned during discovery and the additional plaintiff, Jiminez, who was added by consent after the complaint was filed. (Dkt. No. 38 at 4 ("The request to amend the Complaint to conform the factual allegations pled . . . to the facts developed in discovery is markedly different than the request . . . to add additional corporate defendants.").)

Defendants contest the timeliness of the instant motion specifically with respect to the Additional Defendants' identities, suggesting that Plaintiffs' explanation is insufficient. (Dkt. No. 38 at 3.) Jiminez, they argue, "did not 'discover' that he worked at more than one 'Kool Bloo' location as a result of discovery." (*Id.*) But Plaintiffs appear to make a different point: namely, that they first learned the *corporate identities* and *ownership* of various Kool Bloo locations from Defendants' disclosures. (Dkt. No. 34 ¶ 8.) This more subtle point is evinced by the frequent alterations of the phrase "Defendant Corporation" to "Defendant corporations" in the proposed amendments. (*See, e.g.*, Dkt. No. 34-3 ¶¶ 3, 32, 33, 35-36, 39, 44.) Plaintiffs' representation that they learned new facts—including the corporate identities and ownership of the Additional Defendants—is a sufficient explanation to amend ten months after the case was initiated. (Dkt. No. 1; Dkt. No. 27; Dkt. No. 34.)

Defendants do not make out a case that Plaintiffs have acted in bad faith. Nor do

Defendants argue they will be unfairly prejudiced by the proposed amendment.[2]  Denial of Plaintiffs' motion is therefore not warranted on the basis of undue delay.

### B. Futility

In the alternative, Defendants argue that the proposed amendment is futile with respect to adding 719 2nd Avenue Food Corp. and 221 E. 23rd Street Take-Out Food Corp. as defendants because "these corporations are no longer in business, and ceased doing business prior to the filing of the Complaint." (Dkt. No. 38 at 4.)

Courts evaluate a proposed amended complaint challenged on futility grounds under the Rule 12(b)(6) standard for a motion to dismiss for failure to state a claim. *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2010).  Thus, to survive a motion to amend challenged on futility grounds, the proposed amended complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The proposed amended complaint alleges facts sufficient to state a claim against the Additional Defendants, including 719 2nd Avenue Food Corp. and 221 E. 23rd Street Take-Out Food Corp.  (*See* Dkt. No. 34-2 ¶¶ 70-92.)  Defendants do not argue to the contrary.

Rather, Defendants contend that Plaintiffs' claims should not go forward against 719 2nd Avenue Food Corp. and 221 E. 23rd Street Take-Out Food Corp. because the former is no longer in business and is currently in the "process of wind up, with outstanding tax liability issues to be

---

[2] Any such representation would be unavailing.  Discovery is ongoing, and various pretrial deadlines are still outstanding.  (*See* Dkt. No. 43; Dkt. No. 27.)  In the absence of any significant hardship, simple "[a]llegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'" *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993)).

resolved, before the corporation is formally dissolved," and the latter was formally dissolved as of June 15, 2015.  (Dkt. No. 38 at 4.)  To make their case, Defendants marshal affidavits from Tarik Fallous and Ghassan Fallous (Dkt. No. 40; Dkt. No. 41) and a page from the "NYS Department of State" database (Dkt. No. 41-1).

When considering a motion to amend—as in a 12(b)(6) posture—a court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."  *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 191 (2d Cir. 2014) (internal quotation marks and brackets omitted); *see Steele v. Paypal, Inc.*, No. 05 Civ. 1720, 2006 WL 3612852, at *1 (E.D.N.Y. Dec. 11, 2006).  A court may not "rel[y] on a matter outside the pleadings: specifically, defendants' factual contention."  *Friedl v. City of New York*, 210 F.3d 79, 84 (2d Cir. 2000).  Thus, at this stage, the Court may not consider Defendants' submission that some Additional Defendants may lack the capacity to be sued because of their alleged dissolution.

Setting aside Defendants' factual contentions, Plaintiffs allege that "719 2nd Avenue Food Corp is or was a corporation organized and existing under the laws of the State of New York" and that "221 E. 23rd Street Take-Out Food Corp is or was a corporation organized and existing under the laws of the State of New York."  (Dkt. No. 34-2 ¶¶ 25, 27.)

Even if the Court were to understand from Plaintiffs' use of the present and past tenses that these Additional Defendants may no longer be in business, Plaintiffs have still pleaded enough to bring in these Additional Defendants at this stage.  Rule 17(b) of the Federal Rules of Civil Procedure states that a corporation's "capacity to sue or be sued is determined . . . by the law under which it was organized."  The same goes for dissolved corporations.  *See Regal Custom Clothiers, Ltd. v. Mohan's Custom Tailors, Inc.*, No. 96 Civ. 6320, 1997 WL 370595, at

6

*2 (S.D.N.Y. July 1, 1997); 6A Wright & Miller, Fed. Prac. & Proc. § 1563 (2016). New York law—under which these Additional Defendants were allegedly organized—provides that a dissolved corporation may be sued provided that the suit can be deemed part of its winding up process. *See Sec. Pac. Nat'l Bank v. Evans*, 31 A.D.3d 278 (1st Dep't 2006). This Court's duty to "draw all reasonable inferences in the plaintiff's favor," *Chabad Lubavitch of Litchfield Cnty., Inc.*, 768 F.3d at 191, therefore dictates that Plaintiffs heave pleaded enough about these Additional Defendants' corporate status for their claims to proceed. (Defendants are, of course, free to contest any individual defendant's amenability to suit at subsequent stages of litigation.)

Efficiency considerations also guide the Court here. Plaintiffs represent that if they are unable to amend the complaint in the instant action, they will simply file a separate suit against the Additional Defendants. (Dkt. No. 35 at 6.) Given the counterfactual scenario of multiple suits against overlapping sets of defendants (which may ultimately be consolidated as related), efficiency concerns counsel in favor of allowing Plaintiffs to amend to add the Additional Defendants.

### III. Conclusion

For the foregoing reasons, the motion to amend is hereby GRANTED. The proposed amended complaint at Docket Number 34-2 is hereby deemed the operative complaint in this action.

The Clerk of Court is directed to close the motion at Docket Number 33.

SO ORDERED.

Dated: September 27, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge