UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGNACIO CAMARGO PEREZ AND
GUSTAVO JIMENEZ, individually and on
behalf of others similarly situated,

*Plaintiffs,*

v.

117 AVENUE OF THE AMERICAS FOOD
CORP (d/b/a KOOL BLOO), 719 2ND AVENUE
FOOD CORP. (d/b/a KOOL BLOO), 221 E.
23RD STREET TAKE-OUT FOOD CORP. (d/b/a
KOOL BLOO), 188 AVE A TAKE-OUT FOOD
CORP. (d/b/a KOOL BLOO), TARIK
FALLOUS, AND GHASSAN FALLOUS,

*Defendants.*

Civil Action No.: 15-cv-08151-JPO

**SETTLEMENT AGREEMENT
AND
GENERAL RELEASE OF
ALL CLAIMS**

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs IGNACIO CAMARGO PEREZ AND GUSTAVO JIMENEZ ("Plaintiffs") on the one hand, and 117 AVENUE OF THE AMERICAS FOOD CORP (d/b/a KOOL BLOO), 719 2ND AVENUE FOOD CORP. (d/b/a KOOL BLOO), 221 E. 23RD STREET TAKE-OUT FOOD CORP. (d/b/a KOOL BLOO), 188 AVE A TAKE-OUT FOOD CORP. (d/b/a KOOL BLOO), (the "Defendant Corporations" or the "Companies"), TARIK FALLOUS, and GHASSAN FALLOUS (the "Individual Defendants") (collectively the Defendant Corporations and the Individual Defendants are the "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 15-cv-08151-JPO (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws; and

WHEREAS, Defendants deny any violation of federal and state wage and hour laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1

1.     <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the effective date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Twenty-two Thousand Dollars ($22,000) (the "Settlement Amount") to be paid to Plaintiffs' attorney in two ("2") installments, as follows:

   (a) Installment One: A check in the amount of Six Thousand Dollars ($6,000) made payable to "Michael A. Faillace, Esq. as Attorney for Plaintiffs," for immediate deposit, delivered to Plaintiffs' counsel upon execution of the settlement documents, payable on or before December 15, 2016. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

   (b) Installment Two: A bank check in the amount of Sixteen Thousand Dollars ($16,000) made payable to "Michael A. Faillace, Esq. as Attorney for Plaintiffs," for immediate deposit on or before February 15, 2017, delivered to Plaintiffs' counsel upon execution of the settlement documents. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

   All payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 2540, New York, NY 10165.

   Right to Cure: If Defendants fail to make a payment on time, or a check bounces or is not supported by sufficient funds, then Plaintiffs will send written notice to Defendants, and Defendants shall have seven (7) business days to cure. In order to cure in the case a check bounces or is not supported by sufficient funds, Defendants must pay the unpaid payment plus any bank fees incurred by Plaintiffs' attorneys in attempting to deposit the check unsupported by sufficient funds.

   Plaintiffs and their counsel shall be solely responsible for any and all taxes resulting from payments received under this Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to Plaintiffs and their counsel, Plaintiffs and their counsel shall indemnify and hold Defendants harmless for any failure of Plaintiffs or their counsel to pay taxes on any payments received from Defendants pursuant to this Agreement.

2(a)    <u>Confession of Judgment</u>: Concurrently with the execution of this Agreement, Defendants TARIK FALLOUS, GHASSAN FALLOUS; and 117 AVENUE OF THE AMERICAS FOOD CORP (d/b/a KOOL BLOO), 719 2ND AVENUE FOOD CORP. (d/b/a KOOL BLOO), 221 E. 23RD STREET TAKE-OUT FOOD CORP. (d/b/a KOOL BLOO), 188 AVE A TAKE-OUT FOOD CORP. (d/b/a KOOL BLOO) shall execute and deliver to Plaintiffs' counsel confession of judgment ("Confessions of Judgment" or "COJ") in the form annexed hereto, as **Exhibit A**. The COJ's cannot be used jointly to exceed $38,000.00. The Parties hereby acknowledge and agree that the Confession of Judgments will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the

installment payments as set forth above, and ii) Defendants fail to cure such default within seven (7) business days of receipt of written notice (to be delivered to Defendants via their counsel, Michael K. Chong, Esq., at the Law Offices of Michael K. Chong, LLC, 2 Executive Drive, Suite 720, Fort Lee, New Jersey 07024). Any such Notice of Default shall be deemed received seven (7) business days after it is mailed.

3.  <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally release and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, and managers from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time has, had, claims, or claimed to have against Defendants relating to their employment with Defendants and regarding any events claims to have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related to or in any manner incidental to the Litigation, such as Plaintiffs' employment or termination, or any liability under any contract, tort, federal, state, or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Older Workers' Benefit Protection Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, <u>except that</u> nothing in this Agreement shall operate to preclude Plaintiffs from enforcing, or shall adversely affect their right or ability to enforce, this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claims to have against Plaintiffs regarding events that have occurred as of the Effective Date of this Agreement.

4.  <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.  <u>Dismissal of the Litigation</u>: Plaintiffs shall file, within seven (7) days of receipt of the executed Settlement Agreement and payment in accordance with paragraph 1, a Stipulation of Dismissal with Prejudice (in the form of **Exhibit B**, attached hereto, which is incorporated to this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

3

6.     Modification of the Agreement:   This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7.     No Future Employment: It is agreed that the employee-employer relationship between Plaintiffs and the Defendants ended for reasons unrelated to any federal, state, or municipal statute or any cause of action that Plaintiffs had or may have had against Defendants. It is further understood that should Plaintiffs again apply to work for the Defendants, in any capacity, the Defendants, based on this clause, may deny Plaintiffs employment for any position that they seek, and that such denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be deemed retaliatory in any way. Accordingly, it is agreed that Plaintiffs will not seek employment with Defendants after the execution of this Agreement.

8.     Response to Subpoena: Plaintiffs agree that, in the event they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to Defendants, their prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiffs will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

9.     Return of all Property: Plaintiffs represent that they have  returned to Defendants all Companies' property and any "Companies' Information" including, without limitation, mailing lists, reports, client lists, employee lists, files, memoranda, records and software, computer, door and file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiffs received, prepared or helped prepare, or otherwise came in contact with and that Plaintiffs will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Companies' Information" as used in this Agreement includes but is not limited to: (a) confidential information of the Companies including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets, the use or disclosure of which might reasonably be construed to be contrary to the interests of the Companies or its affiliates and other related companies.

10.    Employment References:   Any request for a reference with respect to Plaintiffs will be referred to the Companies' management. The Companies will limit any response to confirming Plaintiffs' title and dates of employment, and shall further state that in accordance with the Companies' policy, no further information can be provided beyond this neutral reference.

11.    Mutual Non-Disparagement: The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation all parties and counsel and those that are relevant to the instant proceedings and the settlement of the Litigation. This Mutual Non-Disparagement provision shall include non-disparagement in any publication of any sort, including but not limited to any and all blogs, internet postings and the like referencing this litigation or any of the parties or their counsel to this matter in any manner.

4

12.     Acknowledgment: Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter.   Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

        Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

13.     Miscellaneous: As of the execution date of this Agreement, Plaintiffs and their counsel represent and warrant that they are not presently aware of and have not solicited any individuals to bring or threaten to bring any action for unpaid wages or other claims against Defendants or any one of them, nor are they cooperating or assisting any attorney in any other action against Defendants or any one of them. Except as set forth herein, this Agreement shall not be cited in any matter for any purposes against Defendants, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort.

14.     Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

        To Plaintiffs:

        Michael Faillace, Esq.
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        60 East 42nd St. Suite 2540
        New York, NY 10165
        Tel: (212) 317-1200
        Fax: (212) 317-1620
        Email: michael@faillacelaw.com

        To Defendants:

        Michael K. Chong, Esq.
        MKC Law Group/Law Offices of Michael K. Chong, LLC
        Fort Lee Office:
        2 Executive Drive, Suite 720
        Fort Lee, New Jersey 07024
        Ph: (201) 947-5200
        Fx: (201) 708-6676
        Email: MKC@mkclawgroup.com

15.     Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the state of New York, in any subsequent proceeding to enforce this Agreement.

16.     Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable. A failure by Plaintiffs to execute a valid and enforceable release within twenty-one (21) days of Defendants request shall result in Plaintiffs' full return to Defendants of the full amounts paid under this Agreement.

17.     Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledges that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and General Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily. Plaintiffs acknowledge that they have been given an opportunity to consider this Agreement for at least twenty-one (21) days, and that they fully understand and agree to all of its terms.

18.     Counterparts: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

**[THIS SECTION IS INTENTIONALLY LEFT BLANK]**

6

THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

**PLAINTIFFS:**

By: _____
    IGNACIO CAMARGO PEREZ

By: _____
    GUSTAVO JIMENEZ

**DEFENDANTS:**

117 AVENUE OF THE AMERICAS FOOD CORP, 719 2ND AVENUE FOOD CORP., 221 E. 23RD STREET TAKE-OUT FOOD CORP., 188 AVE A TAKE-OUT FOOD CORP.

By: _____
    TARIK FALLOUS

By: _____
    GHASSAN FALLOUS

7

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

**PLAINTIFFS:**

By: _____
     IGNACIO CAMARGO PEREZ

By: _____
     GUSTAVO JIMENEZ

**DEFENDANTS:**

117 AVENUE OF THE AMERICAS FOOD CORP, 719 2ND AVENUE FOOD CORP., 221 E. 23RD STREET TAKE-OUT FOOD CORP., 188 AVE A TAKE-OUT FOOD CORP.

By: _____
     TARIK FALLOUS

By: _____
     GHASSAN FALLOUS

7

**PLAINTIFFS:**

STATE OF NEW YORK    )
                     ) SS.:

COUNTY OF            )

On _____12-2_____, 2016 before me personally came to me IGNACIO CAMARGO PEREZ known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2017

STATE OF NEW YORK    )
                     ) SS.:

COUNTY OF            )

On _____12-12_____, 2016 before me personally came to me GUSTAVO JIMENEZ known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2017

8

**DEFENDANTS:**

STATE OF NEW YORK     )
                            ) SS.:

COUNTY OF                       )

On _____, 2016 before me personally came _____, the _____ of 117 AVENUE OF THE AMERICAS FOOD CORP, 719 2ND AVENUE FOOD CORP., 221 E. 23RD STREET TAKE-OUT FOOD CORP., 188 AVE A TAKE-OUT FOOD CORP., to me known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and on behalf of said corporations., and duly acknowledged to me that he executed the same.

Notary Public

STATE OF NEW YORK    )
COUNTY OF _New York_) SS.:    )

On _December 13_, 2016 before me personally came TARIK FALLOUS, to me known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and duly acknowledged to me that he executed the same.

_Brian Vazquez_ 12/13/8 

                                 Notary Public    BRIAN A VAZQUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01VA6331691
Qualified in New York County
My Commission Expires October 13, 2019

STATE OF NEW YORK    )
COUNTY OF _New York_) SS.:    )

On _December 13_, 2016 before me personally came GHASSAN FALLOUS, to me known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and duly acknowledged to me that he executed the same.

Notary Public

_Brian Vazquez_

BRIAN A VAZQUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01VA6331691
Qualified in New York County
My Commission Expires October 13, 2019

9

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW**
**COUNTY OF NEW YORK**

-------------------------------

Index No.: 15-cv-08151-JPO

IGNACIO CAMARGO PEREZ AND GUSTAVO
JIMENEZ, individually and on behalf of others
similarly situated,

**AFFIDAVIT OF CONFESSION OF**
**JUDGMENT**

*Plaintiffs,*

v.

117 AVENUE OF THE AMERICAS FOOD CORP
(d/b/a KOOL BLOO), 719 2ND AVENUE FOOD
CORP. (d/b/a KOOL BLOO), 221 E. 23RD STREET
TAKE-OUT FOOD CORP. (d/b/a KOOL BLOO), 188
AVE A TAKE-OUT FOOD CORP. (d/b/a KOOL
BLOO), TARIK FALLOUS, AND GHASSAN
FALLOUS,

*Defendants.*

-------------------------------   :

STATE OF NEW YORK          )
                           :  ss.:
COUNTY OF                  )

TARIK FALLOUS, being duly sworn, deposes and says:

1.      I reside in Kings County, New York.

2.      Pursuant to the terms of the Settlement Agreement and General Release by and
between IGNACIO CAMAROG PEREZ and GUSTAVO JIMENEZ ( "Plaintiffs") and 117
AVENUE OF THE AMERICAS FOOD CORP (d/b/a KOOL BLOO), 719 2ND AVENUE FOOD
CORP. (d/b/a KOOL BLOO), 221 E. 23RD STREET TAKE-OUT FOOD CORP. (d/b/a KOOL
BLOO), 188 AVE A TAKE-OUT FOOD CORP. (d/b/a KOOL BLOO), TARIK FALLOUS,
AND GHASSAN FALLOUS (each a "Defendant" and collectively, "Defendants"), to which this
Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County
against each Defendant jointly and severally, and in favor of Plaintiffs for the sum of THIRTY
TWO THOUSAND DOLLARS AND NO CENTS ($38,000), LESS ANY PAYMENTS MADE
UNDER THE SETTLEMENT AGREEEMENT.

3.      This affidavit of confession of judgment is for a debt justly due to Plaintiffs under

11

the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $22,000 to Plaintiffs through two installment payments.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, County of New York, as a judgment for $38,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, TARIK FALLOUS and the corporate defendants

TARIK FALLOUS

Sworn to before me this
13 day of December 2016

Notary Public

BRIAN A VAZQUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01VA6331691
Qualified in New York County
My Commission Expires October 13, 2019

12/13/82

Corporate Defendants:

By: GHASSAN FALLOUS

Sworn to before me this
13 day of December 2016

Notary Public

BRIAN A VAZQUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01VA6331691
Qualified in New York County
My Commission Expires October 13, 2019

12

# EXHIBIT B

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IGNACIO CAMARGO PEREZ AND GUSTAVO
JIMENEZ, individually and on behalf of others
similarly situated,

*Plaintiffs,*

v.

117 AVENUE OF THE AMERICAS FOOD CORP
(d/b/a KOOL BLOO), 719 2ND AVENUE FOOD
CORP. (d/b/a KOOL BLOO), 221 E. 23RD STREET
TAKE-OUT FOOD CORP. (d/b/a KOOL BLOO),
188 AVE A TAKE-OUT FOOD CORP. (d/b/a KOOL
BLOO), TARIK FALLOUS, AND GHASSAN
FALLOUS,

*Defendants.*

15-cv-08151-JPO

**STIPULATION OF DISMISSAL**
**WITH PREJUDICE**

     IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for

the parties, that the Complaint and any and all claims that were or could have been asserted in this

action by any party are hereby dismissed in their entirety, with prejudice, and with each party to

bear its own costs, expenses, disbursements, and attorneys' fees.

Date:  New York, New York
       December ___, 2016

Michael K. Chong, Esq.
MKC Law Group LLC
Law Offices of Michael K. Chong, LLC
Fort Lee Office:
2 Executive Drive, Suite 720
Fort Lee, New Jersey 07024
*Attorney for Defendants*

Michael A. Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES,**
**P.C.**
60 East 42nd. St. Suite 2540
New York, NY 10165
*Attorney for Plaintiffs*

14